SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

————

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

September 11, 2024

**VIA ECF**

Honorable Dale E. Ho
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

RE: *In re Yatsen Holding Limited Securities Litigation*, No. 1:22-cv-08165

Dear Judge Ho:

On behalf of Defendants Yatsen Holding Limited ("Yatsen" or "the Company"), Cogency Global Inc. and Colleen A. DeVries, with the consent of Defendants Goldman Sachs (Asia) L.L.C., Morgan Stanley & Co. LLC, China Renaissance Securities (Hong Kong) Limited and Futu Inc. (the "Underwriter Defendants") who join herein, and pursuant to the Court's July 22, 2024 Opinion and Order ("Opinion" or "Op.", ECF No. 75), we respectfully write to oppose Plaintiffs' August 30, 2024 letter motion ("Letter Motion" or "Letter Mot.", ECF No. 78) for leave to file the Proposed Second Amended Complaint ("Proposed SAC" or "PSAC", ECF No. 78.1). The Letter Motion should be denied because the Proposed SAC fails to correct any of the defects identified in the Opinion and in Defendants' prior motion to dismiss. Because the proposed amendments are futile, the Court should enter an order dismissing this case with prejudice.[1]

***Background*.** Yatsen is a leading Chinese beauty company that produces and sells color cosmetics and skincare products. At the time of its November 2020 initial public offering ("IPO"), Yatsen's portfolio included four brands: *Perfect Diary*, *Little Ondine*, *Abby's Choice*, and *Galénic*. (Prospectus, ECF No. 68-2 at 160.) Yatsen's largest brand, *Perfect Diary*, accounted for 100%, 98.3%, and 82.1% of Yatsen's sales in 2018, 2019, and the first nine months of 2020, respectively, while net revenue for *Perfect Diary* increased from RMB635.3 million in 2018 to RMB3.0 billion in 2019 and RMB3.27 billion in the first nine months of 2020. (PSAC ¶ 37.) Yatsen generates revenue primarily by selling beauty products (i) through its direct-to-customer ("DTC") online

---

[1] If the Court grants leave to amend, Defendants reserve the right to raise additional arguments in its motion to dismiss. "MTD" refers to Defendants' motion to dismiss the First Amended Complaint ("FAC"). All internal quotation marks and citations are omitted, and all emphases added, unless otherwise indicated.

September 11, 2024
Page 2

channels, which account for the majority of net revenue; (ii) to e-commerce platform distributors like JD.com and Vipshop that sell to end customers; and (iii) through other channels, including its offline experience stores.  (Prospectus at 114-15.)  As Plaintiffs admit, Yatsen's DTC channels operate not only on Tmall and Taobao, but on several popular Chinese platforms like Douyin, Kuaishou, and BiliBili, RED, and Weixin. (PSAC ¶ 38.)  At the time of the IPO, Yatsen's products were "mainly sold on Tmall." (*Id.* ¶ 47.)  However, as Yatsen disclosed, other channels became increasingly significant after the IPO, as it saw "boosted [] sales contribution" and "higher growth rates *outside of Tmall* in terms of channel mix," while the percentage of sales on Tmall declined over time, accounting for just 40% of total sales by Q3 2021.  (MTD, ECF No. 66 at 10-11.)  Nonetheless, Yatsen reported year-over-year net revenue *increases for nearly a year after its IPO*, including in FY 2020 and FY 2021, and in each quarter from Q4 2020 to Q3 2021.  (*Id.* at 9-11.)

Plaintiffs brought this Action under the Securities Act of 1933 and the Securities Exchange Act of 1934, alleging that Yatsen misrepresented or omitted that (i) sales of Yatsen's core brands, *Perfect Diary* and *Little Ondine*, were declining prior to and after the IPO, based on *unsourced* data relating to just two DTC platforms, Tmall and Taobao; (ii) sales and marketing expenses were unsustainable and inhibiting growth; (iii) Yatsen was unable to rapidly launch new products due to insufficient R&D; and (iv) poor product quality had led to customer satisfaction issues.

*Dismissal of the FAC.*  In its July 22, 2024 Opinion, the Court granted Defendants' motion to dismiss the FAC, holding that Plaintiffs failed to plead a material misrepresentation or omission under any of the four theories above.  (Op. at 9-16.)  With respect to sales of Yatsen's core brands, the Court held that even accepting Plaintiffs' allegations regarding Tmall and Taobao sales as true, "the FAC does not offer a sufficient basis to connect *Perfect Diary* and *Little Ondine*'s declining sales on Tmall and Taobao to their *performance as a whole*, or to conclude that Yatsen was obligated to disclose sales figures with respect to these specific platforms." (*Id*. at 10.)  More specifically, the Court recognized that Tmall and Taobao account for only a "subset" of Yatsen's sales, *as acknowledged by the FAC itself*.  (*Id.* at 11-12.)  Indeed, as the Court determined, "the FAC and its incorporated documents, taken as a whole, suggest that the portion of Yatsen's revenues attributable to DTC channels, including Tmall and Taobao specifically, was in flux during the relevant periods" and "indicate that revenues for these brands *increased*" overall prior to the IPO, at the same time Plaintiffs allege that sales on Tmall and Taobao were declining.  (*Id.*)  Accordingly, Plaintiffs failed to plead that characterizations of Yatsen's core brands as "healthy," "fast-growing," and "steady" were false,[2] or that disclosure was required under Item 303 or in order to make the challenged statements not misleading.  (*Id.* at 12-13.)  The Court nevertheless granted Plaintiffs the opportunity to file a proposed SAC and letter motion explaining how their proposed amendments addressed the deficiencies identified in its Opinion.  (*Id*. at 16.)

Plaintiffs *concede* their inability to state "claims challenging statements about Yatsen's sales and marketing expenses, research and development, and customer satisfaction"[3] (Letter Mot.

---

[2]    These are also inactionable statements of opinion or puffery.  (*See* Op. at 13 ("[T]here is no duty to update vague statements of optimism or expressions of opinion.").)  The Proposed SAC does not add any new challenged statements.  (Letter Mot. Ex. B at 35-41, 49-64.)

[3]    This concession eviscerates any purported claim that Defendants misrepresented or omitted alleged issues with sales marketing expenses, R&D, or customer satisfaction.  (*See, e.g.* PSAC ¶¶ 139, 158-60.)  The Proposed SAC also removes all unserved defendants except Defendant Jinfeng Huang.  (*Id.* ¶¶ 19, 12.)  Despite the Court's order

September 11, 2024
Page 3

at 2 n.2), and "narrows Plaintiffs' claims regarding *Little Ondine* to only Exchange Act claims based on post-IPO statements" (*id.* at 3 n.3).  Hence, the Proposed SAC attempts to plead only one theory of misrepresentation: that Defendants' statements misrepresented or omitted that sales of *Perfect Diary* and *Little Ondine* were declining on Tmall and Taobao.  For the Securities Act claims—the only claims asserted against the Underwriter Defendants—this theory is even more limited, as it focuses exclusively on statements in the prospectus about the historic growth and future prospects of *Perfect Diary*.

> ***Amendment Would Be Futile.***  It is well established that "[m]otions to amend should generally be denied in instances of futility." *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d. Cir. 2024).  "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp.*, PLC, 783 F.3d 383, 389 (2d Cir. 2015).  That is the case here.

> The Proposed SAC Fails to Cure Prior Deficiencies Identified by the Court.  The Proposed SAC fails to cure the fatal deficiency at the heart of Plaintiffs' sole remaining claim—*i.e.*, "the missing connection between Tmall and Taobao data and Yatsen's performance." (Op. at 12 n.7.)  Rather, the Proposed SAC confirms amendment would be futile, as it merely repackages allegations from the FAC that the Court already considered, but properly held to be insufficient to state a claim.  For example, more than a dozen of Plaintiffs' "new" allegations actually cite the *same* Tmall/Taobao data as the FAC, with additional details that do nothing to address the deficiencies identified by this Court.  (*Compare* FAC ¶¶ 50, 52 (graphs of *Perfect Diary* sales volume on Tmall/Taobao) *with* PSAC ¶¶ 49-52, 56-57, 60-61, 64-65, 69-71 (alleging same sales volume data in narrative form and adding sales revenue data and year-over-year analyses).)  Plaintiffs argue that these proposed amendments "mak[e] clear that by the time of the IPO, sales of *Perfect Diary* on Tmall and Taobao had stalled and were, in fact, declining." (Letter Mot. at 3.)  This adds nothing, as the Court held dismissal was warranted "even accepting" that allegation "as true." (Op. at 11-12.)  Plaintiffs also repurpose allegations of marketing, R&D, quality control, and competition issues—that they ***concede*** cannot support a misrepresentation claim[4] (*id.* at 2 n.2)—which they now argue support the inference that the "sales decline on Tmall and Taobao was unlikely temporary." (Letter Mot. at 3.)  But again, the Court accepted as true the FAC's allegations that sales declines on Tmall and Taobao continued months after the IPO. (*See* Op. at 10.)  Plaintiffs' reliance on allegations that "simply add detail to the underlying allegations" the Court considered, but ultimately deemed insufficient, confirms that amendment is futile. *McCracken*, 91 F.4th at 609; *see also Okla. L. Enf't Ret. Sys. v. Papa John's Int'l, Inc.*, 517 F. Supp. 3d 196, 212, 215 (S.D.N.Y. 2021) (dismissing securities claim as "SAC relies on the same

---

that Plaintiffs "either remove the unserved Defendants in the proposed SAC or explain their efforts to effectuate service on the absent Defendants," (Op. at 16), the Proposed SAC and Letter Motion indicate that Plaintiffs have not even ***attempted*** to serve Defendant Huang via the Hague Convention, despite having knowledge of his business address since this Action was filed nearly ***two years ago***.  (PSAC ¶¶ 19, 123; Letter Mot. at 5.)  As Plaintiffs do not explain their failure to attempt proper service on Defendant Huang, in accordance with this Court's Opinion, he should be removed from any future complaint if Plaintiffs are granted leave to amend.

[4] Given this admission, these allegations (PSAC ¶¶ 74-86) amount to little more than "a creative attempt to recast corporate mismanagement as [a] securities" claim, which should be rejected. *Singh v. Cigna Corp.*, 918 F.3d 57, 59-60 (2d Cir. 2019).  In any event, the Court already held that many of these allegations are "insufficient" and "isolated, contextless datapoints." (Op. at 13-16; *compare* FAC ¶¶ 54-58 *with* PSAC ¶¶ 74-86.)

September 11, 2024
Page 4

general set of allegations as the FAC" because amendment "under these circumstances would be futile.")

Plaintiffs' proposed "allegations about the quantity and importance of sales of *Perfect Diary* on Tmall and Taobao" fare no better. (Letter Mot. at 3.) These merely show that in the months leading up to the IPO, the majority of Yatsen's sales were made on Tmall—a fact Plaintiffs *admit* was disclosed.[5] (*Id.*) If anything, these allegations support the Court's earlier holding that "the portion of Yatsen's revenues attributable to" Tmall and Taobao "was in flux." (Op. at 11.) Not only did *Perfect Diary* sales on Tmall and Taobao decrease as a percentage of total revenue in each subsequent quarter (PSAC ¶¶ 44-46), but these proposed allegations confirm that prior to the IPO, a significant percentage of total net revenue (about 30%) came from *Perfect Diary* sales on *other* platforms, even before the alleged, post-IPO decline in Tmall's significance to Yatsen's overall revenues. (*See* Prospectus at 114 (*Perfect Diary* total sales constitute about 80% of net revenue for first three quarters of 2020); PSAC ¶ 46 (*Perfect Diary* sales on Tmall/Taobao constitute about 50% of total revenue for same period).) The alleged declining sales of Perfect Diary on Tmall and Taobao in certain months of 2020 thus fail to support any plausible inference that the IPO offering documents contained alleged misrepresentations about Perfect Diary's growth prospects. To the contrary, Plaintiffs' new allegations continue to warrant dismissal, as the Proposed SAC—like the dismissed FAC—does not include any facts to negate the only reasonable inference: that the alleged post-IPO decline in sales on Tmall and Taobao was offset by sales made on these other, growing platforms, which accounted for Yatsen's continued revenue growth from sales of Perfect Diary leading up to and following the IPO.

Plaintiffs' contrary speculations are unavailing, as they are wholly inconsistent with other allegations in their own pleadings and incorporated documents. Plaintiffs claim it is "unlikely" that sales of *Perfect Diary* "were simply migrating to other channels." (*Id.* at 3.) But as this Court recognized, the migration of sales to other channels is an inference supported by ***Plaintiffs' own allegations*** in "the FAC and its incorporated documents, taken as a whole." (Op. at 11.) For example, Yatsen's Prospectus disclosed that the "proportion of sales made through DTC channels had fallen" from 86.8% in the first nine months of 2019 to 78.2% in the same period in 2020. (*Id.*) The Court also noted that in its Q3 2021 Earnings Call, Yatsen disclosed that Tmall accounted for 40% of total sales, and "[w]e see the percentage is declining." (*Id.*) As the Court rightly held, such statements—which are similarly incorporated by reference into the Proposed SAC (PSAC ¶¶ 89, 163)—illustrate Plaintiffs' failure to "adequately connect Tmall and Taobao sales to Yatsen's overall performance." (Op. at 11 n.6.) *See Denny v. Canaan Inc.*, 2023 WL 2647855, at *11 n.13 (S.D.N.Y. Mar. 27, 2023) ("It is well established that where the plaintiffs['] [conclusory] allegations are contradicted by a document that the complaint incorporates by reference, the document controls"). Plaintiffs also contend that the fact that *Perfect Diary*'s net revenue ***increased*** year-over-year in the first nine months of 2020 "is an issue of fact not appropriate for resolution at the pleading stage." (Letter Mot. at 5.) But Plaintiffs admit they "do[] not attack Yatsen's reported financials" (*id.*), confirming no disputed fact exists. That *Perfect Diary*'s net revenue increased at the same time its sales on Tmall and Taobao allegedly declined undermines

---

[5] As in the FAC, the Proposed SAC "does not offer any allegations regarding the proportion of Yatsen's sales made on Taobao" as opposed to Tmall. (Op. at 10-11.) Nor does it add new allegations relating to sales of *Little Ondine*, which are no longer alleged to support Plaintiffs' Securities Act claims in any event.

September 11, 2024
Page 5

Plaintiffs' conclusory assertion that the Tmall/Taobao decline represented "a clear threat" to Yatsen. (*Id.*)  In fact, Plaintiffs fail to show that the alleged decline in Tmall and Taobao sales *ever* negatively impacted overall performance, as Yatsen reported year-over-year revenue growth for nearly a year after the IPO (*see* MTD at 9-11; Op. at 4-5).  *See also In re Coty Inc. Sec. Litig.*, No. 14-CV-919 (RJS), 2016 WL 1271065, at *10 (S.D.N.Y. Mar. 29, 2016) (conclusory assertions that a product line was material fail to state a securities claim absent allegations "that the termination of this line materially affected company's financial condition," particularly where belied by undisputed financials showing no impact on net revenues.)[6]

The Proposed SAC Otherwise Fails to State a Claim Under Rule 12(b)(6).  Because the Court held the FAC "does not offer even a short and plain statement of a material misrepresentation or misleading omission," (Op. at 8 n.5), it was unnecessary to assess other pleading deficiencies which are independently fatal to Plaintiffs' claims.  Although these issues were discussed at length in Defendants' motion to dismiss briefing (ECF Nos. 66, 74), the Proposed SAC does not even ***attempt*** to remedy these deficiencies, further demonstrating that amendment would be futile.

First, Plaintiffs' Exchange Act claims fail because the Proposed SAC, like the FAC, contains no particularized allegations sufficient to plead the requisite "strong inference" of scienter.  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007).  For the reasons explained in Defendants' briefs (MTD at 22-23; MTD Reply, ECF No. 74 at 9), conclusory allegations that Defendants "knew, or recklessly disregarded" the allegedly omitted facts and references to Yatsen's "core brands" (*see e.g.*, PSAC ¶¶ 98-99, 137-38) are insufficient.[7]  Second, all of Plaintiffs' claims fail because lack of causation is apparent on the face of the Complaint, as Plaintiffs fail to plead "that the *subject* of the fraudulent statement or omission" was the cause of the actual loss suffered."  *Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 175 (2d Cir. 2005) (emphasis in original).  The Proposed SAC, like the FAC, alleges that "investors' losses" were caused by disclosures of disappointing financial results or guidance, ***none*** of which discussed sales of *Perfect Diary* and *Little Ondine* on Tmall and Taobao.  (PSAC ¶¶ 171-75.)  Third, Plaintiffs' Securities Act claims are time-barred, because Plaintiffs claim that the "truth" was revealed in a series of disclosures, the first of which occurred on August 26, 2021 (*id.* ¶¶ 170-71), more than a year before this Action was filed on September 23, 2022.  *See* 15 U.S.C. § 77m.

***Conclusion.***  Amendment is obviously futile and Plaintiffs' letter motion should be denied. In the alternative, Defendants respectfully request the opportunity for full motion to dismiss briefing, including to address issues not reached in the Court's July 22, 2024 Opinion.[8]

---

[6]    Plaintiffs' cases are inapposite (*see* Letter Mot. at 3-4), as there, the likelihood of a material impact on overall financials was not in dispute.  *See Litwin v. Blackstone Grp. LP*, 634 F.3d 706, 721-22 (2d Cir. 2011) (company's disclosures establish the "link" between a trend and assets representing 22.6% of defendant's portfolio); *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 121 (2d. Cir. 2012) (company "possibly would have to replace and write off a large volume of chip sets" and "jeopardized its relationship with clients who at that time accounted for the vast majority of its revenue"); *Wang v. Cloopen Grp. Holding Ltd.*, 661 F. Supp. 3d 208, 228 (S.D.N.Y. 2023) ("customer retention rate had plummeted from 94.4% to 63.1% in the quarter before the IPO").

[7]    Plaintiffs' failure to plead knowledge also defeats their Item 303 claim.  *See* 17 C.F.R. § 229.303(b)(2)(ii).

[8]    *See Intercloud Sys., Inc. v. Integration Partners Corp.*, No. 1:17-CV-1628-GHW, 2017 WL 11570456, at *1 (S.D.N.Y. July 31, 2017) ("[W]here arguments raise issues worthy of more attention that can be given on a motion to amend, those arguments are more properly raised in a motion to dismiss where full briefing is allowed.").

September 11, 2024
Page 6

Respectfully submitted,

/s/ Robert A. Fumerton

Robert A. Fumerton