

DEBORAH **+** CLARK-WEINTRAUB

+ VIA ECF+

October 31, 2024

Hon. Dale E. Ho
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Yatsen Holding Limited Securities Litigation*, No. 1:22-cv-08165

Dear Judge Ho:

We represent the Plaintiffs in the above-referenced action (the "Action"). We write to respectfully bring to the Court's attention the recent decision of the Second Circuit in *Pappas v. Qutoutiao Inc.*, No. 23-1233, 2024 WL 4588491 (2d Cir. Oct. 28, 2024) (summary order), which is attached hereto as Exhibit A.

Presently pending before the Court is Plaintiffs' motion for leave to file a second amended complaint in the Action. ECF No. 78. In its July 22, 2024 Opinion and Order dismissing the amended complaint, this Court reserved decision on what pleading standard—notice pleading under Rule 8(a) or the particularity standard of Rule 9(b)—applied to Plaintiffs' claims under Section 11 of the Securities Act of 1933 (the "Securities Act"). ECF No. 75 at 8 n.5.

The Second Circuit's decision in *Qutoutiao* confirms that the Court should evaluate Plaintiffs' Section 11 claim in the Proposed Second Amended Complaint (ECF No. 78-1; the "Proposed Complaint") under "Rule 8(a)'s permissive requirement for a 'short and plain statement' of the claim." ECF No. 75 at 8 n.5. Specifically, *Qutoutiao* clarifies that (i) "a Securities Act claim sounding in negligence or strict liability will not be subjected to the heightened standard of Rule 9(b) merely because of the complaint's other claims"; and (ii) the allegation that "a fact was known and not disclosed does not mean, as a matter of law, that the circumstances of the resulting omission sound in fraud." *Qutoutiao*, 2024 WL 4588491, at *2 (internal quotation marks omitted). The Second Circuit also made clear that "[a] plaintiff may retain the application of the Rule 8 notice pleading standard by expressly pleading negligence, disclaiming fraud, eschewing language in its Section 11 . . . claims implying fraud or the elements thereof, and separating allegations supporting fraud claims from allegations supporting negligence claims." *Id.*

Hon. Dale E. Ho
October 31, 2024
Page 2

Here, Plaintiff's Section 11 claim in the Proposed Complaint satisfies the standards set forth in *Qutoutiao* for "retain[ing] the application of the Rule 8 notice pleading standard." *Qutoutiao,* 2024 WL 4588491, at *2. The Proposed Complaint "separate[s] allegations supporting fraud claims from allegations supporting negligence claims," *id.* at *2. (*Compare* ECF No. 78-1 ¶¶89-120 (Securities Act claims), *with id.* ¶¶121-200 (Exchange Act claims).) As in *Qutoutiao*, the Proposed Complaint "painstakingly segregates the fraud and negligence claims," including "set[ting] forth" each claim "under its own heading and incorporat[ing] only certain factual allegations such that, although all claims follow a general recitation of the factual background, the Securities Act claims expressly do not incorporate the allegations" about "scienter and reliance." *Qutoutiao,* 2024 WL 4588491, at *2. Moreover, the Section 11 claim in the Proposed Complaint expressly pleads negligence and eschews fraud. *See* ECF No. 78-1 ¶¶102, 108. In addition, the Section 11 claim in the Proposed Complaint is "framed in the classic language of negligence and strict liability," *Qutoutiao*, 2024 WL 4588491, at *2, alleging that Defendants failed to make "a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were true and without omission of any material facts and were not misleading," ECF No. 78-1 ¶108. *Accord Qutoutiao*, 2024 WL 4588491, at *2. Nor do the Securities Act allegations in the Amended Complaint allege that Defendants "intentionally concealed information in the filing at issue," *id.* at *2. *See* ECF No. 78-1 ¶¶98-99 (alleging only that Defendants "were aware, but did not disclose" certain adverse facts in the offering documents).

Accordingly, the Court should evaluate Plaintiffs' Section 11 claim in the Proposed Complaint under the notice pleading standard of Rule 8.

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP

*/s/ Deborah Clark-Weintraub*
Deborah Clark-Weintraub
Thomas L. Laughlin, IV
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
dweintraub@scott-scott.com
tlaughlin@scott-scott.com

Jacob B. Lieberman
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

*Attorneys for Lead Plaintiffs and Lead Counsel for*

Hon. Dale E. Ho
October 31, 2024
Page 3

*the Class*

**THE SHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile: 310-388-9182
brian@schallfirm.com

*Additional Counsel for Lead Plaintiffs*